United States District Court
Southern District of Texas
**ENTERED**
March 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALIFORNIA INC., | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-2016 |
| | § | |
| U.S. BANK N.A., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this wrongful foreclosure case is a motion to dismiss filed by Defendant U.S. Bank National Association ("U.S. Bank"). U.S. Bank's motion (Dkt. 16) is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this case are undisputed. Plaintiff Valifornia Inc. ("Valifornia") purchased a property "subject to the existing mortgage on the Property." (Dkt. 1-1 at pp. 5, 12). The senior lienholder, U.S. Bank, foreclosed on the property; and Valifornia filed this lawsuit in Texas state court to stop the foreclosure sale. (Dkt. 1-1 at pp. 3, 5, 61). Valifornia obtained a temporary restraining order in Texas state court, and the planned foreclosure sale never took place. (Dkt. 1-1 at p. 89). U.S. Bank removed the case to this Court. (Dkt. 1).

In its live pleading, Valifornia alleges that "the pending foreclosure sale of its Property is wrongful" because U.S. Bank "failed to provide proper notice and opportunity to cure pursuant to Texas Property Code 51.002." (Dkt. 1-1 at pp. 6–10). Valifornia seeks

declaratory relief, injunctive relief, actual and exemplary damages, and attorney's fees. (Dkt. 1-1 at pp. 6–10).

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Medical*

*Transportation Management, Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

Valifornia has not pled sufficient facts to show that it is entitled to relief. Valifornia alleges only that "the pending foreclosure sale of its Property is wrongful" because U.S. Bank "failed to provide proper notice and opportunity to cure pursuant to Texas Property Code 51.002." (Dkt. 1-1 at pp. 6–10). This allegation is insufficient to state a cognizable cause of action.

Under Texas law, "[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust." *Stanley v. CitiFinancial Mortgage Co. Inc.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied); *see also Rodriguez v. Ocwen Loan Servicing, LLC*, 306 Fed. App'x 854, 856 (5th Cir. 2009) ("Rodriguez cannot rely on § 51.002 as the source of a right to personal notice of the foreclosure sale. . . . Rodriguez's petition does not allege that he is a party to the deed of trust or otherwise a 'debtor' on the loan[.]"). And "[a] junior lienholder is not entitled to notice of a foreclosure by a prior incumbrance or senior lienholder." *Elbar Investments,*

*Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, pet. denied); *see also Jones v. Bank United of Texas, FSB*, 51 S.W.3d 341, 344 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (collecting cases) ("Thus, as an inferior lienholder, Jones was not entitled to notice of the foreclosure sale. An inferior lienholder does not have the same rights to foreclosure notice as a mortgagee.") (footnote omitted). Valifornia's allegations show that it was only a junior lienholder; it was not a party to the senior lien. Accordingly, Valifornia was not entitled to notice of U.S. Bank's foreclosure sale, and the fact that Valifornia did not receive notice of that sale does not constitute a defect.

Furthermore, it is undisputed that no foreclosure sale has taken place, and claims for violations of statutory foreclosure sale notice requirements "are cognizable only after a foreclosure." *Kew v. Bank of America, N.A.*, No. 4:11-CV-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Accordingly, even if Valifornia were entitled to notice, its factual allegations would still be insufficient to state a cognizable claim.

## CONCLUSION

The motion to dismiss filed by Defendant U.S. Bank National Association (Dkt. 16) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

 SIGNED at Houston, Texas on March 13, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE